UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER N. QUEEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-2229-JAR-TJJ |
| | ) |
| LAURA KELLY, *Kansas Governor, in her official and individual capacities*, et al, | ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**TO THE PLAINTIFF:**

Plaintiff commenced this action pro se on May 19, 2021, by filing a Complaint (ECF No. 1) naming Kansas Governor Laura Kelly, Kansas Department of Labor, Denise #714 KDOL official, and an unknown KDOL official as Defendants. Plaintiff has filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2) and an affidavit of financial status (ECF No. 5). Under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

1

Based on the information provided in his financial affidavit and the appendix thereto, Plaintiff has shown a financial inability to pay the required filing fees. Plaintiff is currently employed but his reported monthly expenses exceed his income. The Court will therefore grant Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[4] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[6] Because Plaintiff proceeds pro se, his pleadings are liberally construed.[7] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8]

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that district courts may dismiss action without service of process through screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id*.

Plaintiff alleges the State of Kansas is delinquent in paying unemployment benefits to both him and his spouse. Although it appears both received payments in late March, 2021 for overdue benefits, Plaintiff alleges neither payment was in the full amount owed under the Kansas unemployment insurance program and PEUC (which the Court presumes is the federal Pandemic Emergency Unemployment Program, first authorized by the CARES Act and twice extended). Plaintiff describes a conversation with an unknown Kansas Department of Labor employee the day he filed his Complaint, in which the employee was questioning him about his recent part-time employment.

Plaintiff asserts an action under 42 U.S.C. § 1983 for Defendants' alleged violation of his rights under the Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments to the U.S. Constitution.[9] However, his complaint merely cites these constitutional provisions without stating how Defendants' actions deprived Plaintiff of his Constitutional rights in a way that clarifies Plaintiff's claim. While Plaintiff's pique at delayed benefits he believes he is entitled to receive is understandable, it appears his claim is one for benefits under Kansas state law. And while Plaintiff contends his spouse has also received less than all the benefits to which she believes she is entitled, he does not have standing to assert her claim. In sum, Plaintiff has not raised a right to relief for Constitutional violations above the speculative level.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is hereby granted, but the Court withholds service of process pending § 1915 review following receipt of a response by Plaintiff to the Order to Show Cause set forth below.

---

[9] ECF No. 1 at 2-4.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable Julie A. Robinson, United States Chief District Judge, on or before **July 1, 2021**, why this action should not be dismissed for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 24th day of June, 2021.

Teresa J. James
U. S. Magistrate Judge