# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER N. QUEEN,

    **Plaintiff,**

    v.

LAURA KELLY, Kansas Governor, in Her Official and Individual Capacities, et al.,

    **Defendants.**

Case No. 21-CV-2229-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Christopher N. Queen brings this action *pro se*, claiming violations of his rights under the Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments to the United States Constitution by Defendants Kansas Governor Laura Kelly, in her official and individual capacities; the Kansas Department of Labor ("KDOL"); "Denise," KDOL Official #714; and an unknown KDOL official. Plaintiff's claims relate to alleged denial or delay of unemployment benefits he believes are due to him.

On June 24, 2021, United States Magistrate Judge Teresa J. James issued an order granting Plaintiff leave to proceed *in forma pauperis* but directing him to show cause in writing to the undersigned why this action should not be dismissed for failure to state a claim on which relief can be granted ("Show Cause Order").[1] Judge James withheld service pending the undersigned's review of Plaintiff's claims pursuant to 28 U.S.C. § 1915. Plaintiff timely filed a response to the Show Cause Order,[2] and this matter is now before the Court pursuant to

---

[1] Doc. 6.

[2] Doc. 8.

§ 1915(e) to determine whether Plaintiff's action should be dismissed. For the reasons discussed below, the Court dismisses this case without prejudice.

**I.      Standard**

When a plaintiff is proceeding *in forma pauperis*, § 1915(e)(2)(B) requires the court to review the plaintiff's complaint and dismiss it if the claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune.[3] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] Section 1915(e)(2)(B) allows the court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond.[5] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants proceeding *in forma pauperis*.[6]

The standard for review of dismissals under § 1915(e)(2)(B)(ii) is the same as that "applied to Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."[7] Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of

---

[3] 28 U.S.C. §1915(e)(2)(B)(i)−(iii); *see Salem v. Kansas*, No. 15-2209-CM, 2015 WL 1886707, at *2 (D. Kan. Apr. 24, 2015).

[4] *Salem*, 2015 WL 1886707, at *2 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006)).

[5] *Jones v. Barry*, 33 F. App'x 967, 971 (10th Cir. 2002).

[6] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *2 (D. Kan. Aug. 9, 2007) (first citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and then citing *McGore v. Wigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)).

[7] *King v. Michel*, No. 19-2277-DDC-TJJ, 2019 WL 5067207, at *1 (D. Kan. Oct. 9, 2019) (citing *Schwartz v. N.M. Corr. Dep't Prob. & Parole*, 384 F. App'x 726, 729 (10th Cir. 2010)).

mustering factual support for *these* claims."[8] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[9] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[10] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[11]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all of the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[12] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[13] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

---

[8] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[11] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[13] *Id.* at 678−79.

[14] *Id.* at 679.

[15] *Id.* at 678.

Because Plaintiff proceeds *pro se*, his pleadings are liberally construed.[16] However, liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," nor is the district court to serve as a *pro se* plaintiff's advocate.[17] A *pro se* plaintiff whose factual allegations are close to stating a claim, but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.[18] "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[19]

## II. Factual Allegations

The following facts are alleged in Plaintiff's Complaint and construed in the light most favorable to him.

After losing his job in April 2020 due to the COVID-19 pandemic, Plaintiff became entitled to unemployment benefits under the "PEUC," which the Court presumes refers to the federal Pandemic Emergency Unemployment Compensation program, and/or to Kansas unemployment benefits. At some point, the federal and/or state governments became delinquent in their payments to both Plaintiff and his wife, Nancy. Plaintiff wrote letters to state and federal officials informing them that they owed him $9,000 and his wife over $7,000. Plaintiff then received a call from "Denise" at the KDOL, who assured him that he would receive the $9,000 he was owed. The following day, Plaintiff received $4,954.00 in unemployment benefits, and his wife received almost $6,000.

---

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[17] *Id.*

[18] *Id.* (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126−27 (10th Cir. 1990)).

[19] *Id.* (collecting cases).

When Plaintiff and his wife did not receive the remaining money owed, Plaintiff wrote a second letter. He then received a "nasty" phone call from an unidentified KDOL employee, who argued with Plaintiff about compensation he had received for contract work he performed while on unemployment benefits and stated that she could not accept his estimate of hours worked due to potential fraud. Plaintiff lost his temper and responded to the KDOL official with profanity. Plaintiff was driving at the time of this phone call. When he placed the phone down to concentrate on driving, the KDOL official hung up and he was unable to further discuss the money he and his wife are still owed. In this action, Plaintiff seeks as damages the payment of past benefits owed and other monetary relief to deter future civil right violations, including $100,000 in damages from Defendant Kelly for her "poor handling of her obligations under the law, and the mental anguish [he and his wife] have suffered."[20]

## III. Discussion

In his Complaint, Plaintiff asserts an action under 42 U.S.C. § 1983 for Defendants' alleged violation of his rights under the Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendments. Section 1983 provides a cause of action for the deprivation of federal rights by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ."[21] The statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[22] On screening under §1915(e)(2)(B), Plaintiff's claims must be dismissed.

First, Plaintiff's official-capacity claim against Defendant Kelly is subject to dismissal because the Eleventh Amendment bars a claim for money damages against a state defendant in

---

[20] Doc. 1 at 4.
[21] 42 U.S.C. § 1983.
[22] *Albright v. Oliver*, 510 U.S. 266, 270 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

her official capacity,[23] and because "neither a State nor its officials acting in their official capacities are 'persons' under §1983."[24] Although Plaintiff does not indicate in what capacity he is suing "Denise" and a second, unidentified KDOL official, any official-capacity claim against these Defendants is also barred. Further, the KDOL is immune from suit because it "is a cabinet level agency of the state of Kansas that acts as an arm of the state."[25] This Court must dismiss a case under § 1915(e)(2)(B)(iii) where a plaintiff seeks monetary relief from a state defendant who is immune from such relief.[26] Moreover, independent of the § 1915(e)(2)(B) screening requirements, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[27] Plaintiff's official-capacity claims against Defendants Kelly, "Denise," and an unnamed KDOL official, and his claims against the KDOL, are therefore dismissed without prejudice.[28]

Second, Plaintiff's claims against all Defendants are subject to dismissal for failure to state a claim. In his response to the Show Cause Order, Plaintiff makes no mention of the Sixth, Eighth, and Tenth Amendments claims asserted in his Complaint, arguing only that his rights have been violated under the Equal Treatment Clause of the Fourteenth Amendment and that he

---

[23] *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (citing *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252−53 (10th Cir. 2007)); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (citing *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995)). Although a claim for injunctive relief may be available against a state official in her official capacity, Plaintiff here seeks payment of past benefits due and other monetary damages. *See Whitehead v. Marcantel*, 766 F. App'x 691, 702 (10th Cir. 2019) (citing *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998)).

[24] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[25] *Lewis v. Kan. Dep't of Revenue*, 380 F. Supp. 2d 1211, 1213 (D. Kan. 2005) (citations omitted); *see Hobbs v. Kan. Dep't for Children & Fams.*, No. 19-1307-KHV, 2021 WL 325839, at *3 (D. Kan. Feb. 1, 2021); *Kiley v. Lord*, No. 11-2516-KHV, 2012 WL 3066394, at *5 (D. Kan. July 26, 2012).

[26] *See, e.g., Heath v. Kansas*, No. 11-3142-SAC, 2011 WL 4900362, at *4 (D. Kan. Oct. 14, 2011); *Clemmons v. Nelson*, No. 94-3474-KHV, 1998 WL 726077, at *5 (D. Kan. Sept. 4, 1998).

[27] Fed. R. Civ. P. 12(h)(3).

[28] *See Shue v. Lampert*, 580 F. App'x 642, 644 (10th Cir. 2014) (stating that dismissal on basis of sovereign immunity should be without prejudice (collecting cases)).

has been deprived of property in violation of the Fifth Amendment's Takings Clause. The Court addresses each claim in turn.

First, the Equal Protection Clause of the Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of the laws."[29] "The constitutional standard under the Equal Protection Clause is whether the challenged state action rationally furthers a legitimate state purpose or interest."[30] "[T]he essence of the equal protection requirement is that the state treat all those similarly situated similarly."[31] As such, to state a plausible equal protection claim, a plaintiff must show that the state treats two similarly situated groups, or individuals, differently.[32]

In the section of his response titled "Federal Law and Constitutional Violations," Plaintiff argues that "Kansas residents in general have been denied" equal treatment, and that the State's "failure to provide under the federal law was widespread within the borders of Kansas and clearly from the sporadic payment schedule cause[d] my family and myself financial harm and anxiety not caused for other states' citizens."[33] This claim cannot withstand scrutiny under § 1915(e)(2)(B)(ii).

"[T]o survive dismissal on an equal protection claim, a plaintiff must allege facts sufficient to show that he was 'treated differently from others with whom he is similarly situated

---

[29] U.S. Const. amend. XIV, § 1.

[30] *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 55 (1973) (citing *McGinnis v. Royster*, 410 U.S. 263, 270 (1973)).

[31] *Powers v. Harris*, 379 F.3d 1208, 1215 (10th Cir. 2004) (quoting *Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001)).

[32] *Id.* at 1215.

[33] Doc. 8 at 8.

and that the unequal treatment was the result of intentional or purposeful discrimination."[34] Plaintiff fails to allege how the State of Kansas has treated him differently than others similarly situated. On the contrary, Plaintiff appears to allege that Kansas treats its own citizens *equally* poorly when compared to how *other* states treat their citizens. Plaintiff's Fourteenth Amendment allegations "are merely conclusory in that they do not allege the factual basis for an equal protection claim, and even pro se litigants must do more than make mere conclusory statements regarding constitutional claims."[35]

Second, the Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation,"[36] and is made applicable to the States through the Fourteenth Amendment.[37] "The purpose of the Takings Clause 'is to prevent the government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'"[38] Takings claims require a "legally cognizable property interest,"[39] and "'[a] party challenging governmental action as an unconstitutional taking bears a substantial burden."[40]

Plaintiff argues that a Takings Clause violation is evident here because he was unable to contact KDOL "for weeks at a time while deprivation of federal lawful payment schedules

---

[34] *Rogers v. U.S Dep't of Health & Human Servs.*, 466 F. Supp. 3d 625, 649 (D.S.C. 2020) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).

[35] *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (citations omitted).

[36] U.S. Const. amend. V.

[37] *Ellibee v. Simmons*, 201 F. App'x 612, 616 (10th Cir. 2006) (citing *Lingle v. Chevron U.S.A. Inc.,* 544 U.S. 528, 536 (2005)).

[38] *Crosby v. United States Atty's Off.*, No. 19-3092-SAC, 2020 WL 1271825, at *4 (D. Kan. Mar. 17, 2020) (quoting *Pittsburgh Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 718 (10th Cir. 2004)).

[39] *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 412 (6th Cir. 2006).

[40] *Crosby*, 2020 WL 1271825, at *4 (quoting *Pittsburg Cnty. Rural Water Dist. No. 7*, 358 F.3d at 718*); see also Taylor v. Sebelius*, 189 F. App'x 752, 758 (10th Cir. 2006) (citation omitted).

(required 'weekly') have not kept . . . as required by the federal law, i.e., The Cares Act."[41] This allegation is insufficient to state a cognizable claim. The crux of Plaintiff's Complaint seems to be that the State of Kansas is inefficiently and incorrectly administering various programs intended to provide pandemic-related unemployment assistance. While Plaintiff's response includes multiple pages of factual detail regarding the benefits he was paid and those he feels he is still owed, he fails to link these allegations to Defendants' conduct in a manner that would support a constitutional takings claim. For example, rather than identifying the legally cognizable property interest at issue, Plaintiff concedes that he does not know what source his unemployment benefits are or should be coming from.[42] The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's actions harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."[43] This Court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[44]

As noted by Judge James, Plaintiff's confusion and frustration with his situation is more than understandable. As further noted by Judge James, however, it appears that Plaintiff's claim is most likely one for benefits under state law. Simply stating in conclusory terms that he has been denied equal treatment and that he has suffered an unlawful taking is insufficient to state a

---

[41] Doc. 8 at 9.

[42] *Id.* at 2. Nor does Plaintiff explain how he would have standing to sue on behalf of his wife, an issue raised by Judge James in the Show Cause Order.

[43] *Crosby*, 2020 WL 1271825, at *2 (alteration in original) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

[44] *Whitney v. New Mexico*, 113 F.3d 1170, 1173−74 (10th Cir. 1997) (citation omitted).

claim on which relief can be granted.  Thus, Plaintiff's claims are dismissed without prejudice for failure to state a claim on which relief can be granted.[45]

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: July 13, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[45] *See, e.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (stating that Rule 12(b)(6) dismissal of *pro se* complaint should ordinarily be without prejudice (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001))); *Moll v. Carter*, 179 F.R.D. 609, 610 (D. Kan. 1998) (dismissing *pro se* complaint without prejudice for failure to meet the liberal pleading standard of Rule 8(a)).